**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:<br><br>RUDY'S BARBERSHOP HOLDINGS, LLC,<br><br>　　　*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10746 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 11, 12, 76, 164, 171** |

### ESTATE OF ALEXANDER T. CALDERWOOD'S AMENDED JOINDER TO OBJECTION TO SALE BY WADE WEIGEL AND DAVID PETERSEN

The Estate of Alexander T. Calderwood ("Calderwood"), one of the two largest general unsecured creditors of Rudy's Barbershop Holdings, LLC ("Rudy's Holdings"), hereby joins into and adopts the *Objection to Sale* [D.I. 164; filed 05/04/20] filed by Wade Weigel and David Petersen. Specifically, Calderwood objects to the entry of any order approving the proposed sale of Rudy's Holdings' assets providing for a distribution to the alleged secured parties until those parties' alleged claims, including their alleged priority of those claims, have been resolved by final Court order. *See* D.I. 160 at 1 (Adv. Proc. No. 20-50594); *In re TPOP, LLC*, No. 13-11831 (BLS), 2015 Bankr. LEXIS 306, at *17 (Bankr. D. Del. Jan. 30, 2015) (declining to authorize distribution of secured party's collateral where secured party's claims to such proceeds were disputed, relying on the general rule that "a distribution to creditors should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances"); *In re Conroe Forge & Mfg. Corp.*, 82 B.R. 781, 784 (Bankr. W.D. Pa. 1988) (holding that "[i]t is within the discretion of the Bankruptcy Court to determine whether extraordinary circumstances exist so that sale proceeds

---

[1]　　The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are (i) Rudy's Barbershop Holdings, LLC (3198); (ii) Rudy's Barber Shop, LLC (6037); (iii) Rudy's Portland, LLC (7237); (iv) Rudy's Southeast, LLC (5113); (v) Rudy's Hollywood, LLC (2941); and (vi) Rudy's New York, LLC (7034). The Debtors' headquarters is located at 1605 Boylston Avenue, Suite 202, Seattle, Washington 98122.

2

may be paid to creditors outside the confines of a plan" and declining to authorize distribution of sale proceeds where claim to such proceeds was contested); *also see In re Aerogroup Int'l*, 601 B.R. 571, 583 (Bankr. D. Del. 2019) (allocating, following a two-day evidentiary trial, escrowed sale proceeds among "two lenders asserting competing secured claims to one pot of money, consisting of the proceeds from the § 363 Sale of substantially all of the Debtors' assets" and adjudicating adversary complaint challenging distribution of such sale proceeds).

**KLEIN LLC**

*/s/ Julia Klein*
Julia B. Klein (DE 5198)
919 N. Market Street, Suite 600
Wilmington, Delaware 19801
klein@kleinllc.com
Telephone: (302) 438-0456

and

**KARR TUTTLE CAMPBELL**
Bruce W. Leaverton, Esq.
Michael M. Feinberg, Esq.
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel. (206) 223-1313
bleaverton@karrtuttle.com
mfeinberg@karrtuttle.com

Dated: May 5, 2020